UNITED STATES DISTRICT
COURT WESTERN DISTRICT OF
LOUISIANA MONROE DIVISION

| | |
|---|---|
| **PAUL D. CROCKETT**<br>    **Plaintiff** | Civil Action No._____ |
| **VERSUS** | Judge _____ |
| **STATE of LOUISIANA, through the LOUISIANA DEPARTMENT of TRANSPORTAION and DEVELOPMENT**<br>    **Defendant** | Magistrate Judge _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S ORIGINAL COMPLAINT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES PAUL D. CROCKETT**, hereinafter called Plaintiff or **"ANTHONY"**, complaining of and about **STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT,** (hereinafter referred to as Defendant or "**LA. DOTD**"), and for a cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1. Plaintiff, **PAUL D. CROCKETT**, is an individual who is a citizen of the Parish of Morehouse, State of Louisiana.

2. Made defendant herein is the **STATE OF LOUISIANA THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT** (hereinafter called "**LA. DOTD**"), through its agent for service of process, Dr. Shawn D. Wilson whose address is 1201 Capitol Access Road, Baton Rouge, LA, 70802.

## JURISDICTION AND VENUE

3. The court has jurisdiction over the lawsuit because the suit arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq. The Plaintiff was employed as a Roadside Development Herbicide Applicator at STATE of LOUISIANA, through the DEPARTMENT of TRANSPORTATION and DEVELOPMENT in Bastrop, Louisiana.

4. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the unlawful employment practice was committed in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC) on October 4, 2021, under Charge No. 461-2021-01753. A copy of the notice of the right to sue is attached hereto as Exhibit A. On October 8, 2021, EEOC issued a Determination and Right to Sue on the issues. Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached hereto as Exhibit B.

6. Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC) on November 3, 2021, under Charge No. 461-2022-00182. A copy of the notice of the right to sue is attached hereto as Exhibit C. On November 12, 2021, EEOC issued a Determination and Right to Sue on the issues. Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached hereto as Exhibit D.

## AMERCIAN'S WITH DISABILITIES ACT DISCRIMINATION, AGE DISCRIMINATION IN EMPLOYMENT ACT and RETALIATION

7. Plaintiff is an employee protected under ADA and ADEA.

8. Defendant is an employer within the meaning of ADA and ADEA.

9. Defendant is justly and truly liable to **CROCKETT** in and for a sum sufficient to adequately compensate for its failure to provide a safe working environment free from disability discrimination and retaliation as set forth herein. Defendant's failure to provide a safe working environment for **CROCKETT** resulted in the intentional infliction of emotional distress.

10. Plaintiff was hired by **LA. DOTD** as a Material Equipment Operator 1 on or about September 2019 in the Bastrop unit.

11. It was a known fact that the Bastrop unit needed a roadside development herbicide applicator, a position that had not been filled in five (5) years. Plaintiff expressed interest to his foreman in becoming licensed so he could apply for the position. When Scotty Creech found out Plaintiff's intentions, he told Plaintiff that he would not pass the test because it was too hard.

12. On September 4, 2020, Plaintiff passed the certification test to become licensed to spray restricted herbicide chemicals. **CROCKETT** became a permanent employee on September 23, 2020, and thus was eligible to apply for the roadside development herbicide applicator for the Bastrop unit.

13. From the time Plaintiff submitted his application, his supervisor, Scotty Creech, began harassing him verbally and created unsafe work areas for Plaintiff to work in. He told other younger employees that "they didn't need to hire anymore workers <u>like</u> him" and nodded toward Plaintiff.

14. On or about mid-November 2020, Plaintiff was promoted to roadside development herbicide applicator for the Bastrop unit.

15. Even after Plaintiff's promotion, Scotty Creech continued to harass Plaintiff about being too old or too slow.

16. In November 2020, Plaintiff filed an internal complaint with the Human Resources office regarding the continued harassment from Scotty Creech and the hostile work environment it has created, along with the fact that he did not feel safe around Scotty Creech.

17. In December 2020 and in January 2021, Plaintiff filed complaints regarding the harassment of his supervisor due to his age and disability, along with retaliation claims based on the hostile and unsafe workplace after he formally complained to Human Resources.

18. On or about December 18, 2020, Plaintiff was injured on the job while changing a tractor tire by himself after being told by his supervisor, Scotty Creech, that no one was allowed to help him.

19. Plaintiff went to the Emergency Room because of his severe back pain. He was treated with a steroid shot and muscle relaxers. He tried to go back to work the following day but was in too much pain.

20. Plaintiff saw a doctor on or about January 11, 2021, due to continued lower back pain with leg weakness and tingling since his lifting injury on December 18, 2020, and was ordered to stay home until the injury healed. His treating physician ordered an MRI of his lumbar spine.

21. Plaintiff filed a workers' compensation claim and was placed on workers' compensation leave on January 27, 2021.

22. On March 18, 2021, an MRI was performed on Plaintiff that indicated

**CROCKETT**'s lower back had been severely damaged from the lifting injury.

23.     Plaintiff was out on leave from January 27, 2021, to June 5, 2021.

24.     On May 20, 2021, Plaintiff received a letter from **LA DOTD** releasing him from employment effective June 5, 2021, for non-disciplinary reason of exhaustion of leave.

25.     Defendant, **LA. DOTD,** by its conduct herein alleged, did deprive the Plaintiff of his rights, privileges and immunities secured to him by the laws of the United States, particularly his right to be free from being terminated based on his physical disability and/or age, or the company's perception of him as being disabled and/or old.   Plaintiff worked from his date of employment in September 2019 until his injury in January 2021 without any write-ups or complaints.  Plaintiff was terminated in violation of the Americans with Disabilities Act.

25.     Defendant, **LA. DOTD**, by its conduct alleged herein, did deprive the Plaintiff of his rights, privileges and immunities secured to him by the laws of the United States, particularly his right to be free from retaliation from **LA. DOTD** for having filed internal complaints with management, grievances, and charges of discrimination with the Equal Employment Opportunity Commission.  When Plaintiff was terminated, it is Plaintiff's belief that because he had been performing the physical duties of his job as Roadside Development Herbicide Applicator several months prior with no complaints from any supervisor in the Bastrop unit up to the date he was injured on the job, that the stated reason of him not having any leave when he was on workers' compensation leave was pretext for Defendant **LA. DOTD**'s illegal motive of retaliation for having asserted his federally protected rights through internal complaints to management in the form of grievances and EEOC filings.

26.     Plaintiff is entitled to punitive damages against the Defendant because Defendant acted with reckless disregard for his federally protected rights when it tolerated disability

discrimination.

27. Plaintiff is entitled to a trial by jury.

28. Should Plaintiff prevail, he is entitled to an award of reasonable attorney fees, litigation expenses and all costs of court.

29. Defendant intentionally engaged in unlawful employment practices involving Plaintiff resulting in him filing internal complaints and complaints with the EEOC.

30. **LA. DOTD** retaliated against Plaintiff, as described above, in violation of his rights. Defendant knew or should have known of the discrimination yet failed/refused to take prompt remedial action. Defendant further engaged in acts of retaliation when it refused to remedy the situation and attempted to force **CROCKETT** to work in a hostile environment.

31. **LA. DOTD** retaliated against **CROCKETT** on the basis of his physical disability or the company's perception of him as being disabled with malice or with reckless indifference to his state protected rights. Defendant further engaged in acts of reprisal and retaliation with malice and reckless indifference to his federally protected rights.

## RESPONDEAT SUPERIOR

32. Whenever in this Complaint it is alleged that the Defendant, **LA. DOTD**, did any act or thing, it is meant that the Defendant **LA. DOTD**'s managers, supervisors, agents, servants, employees or representatives (of which Scotty Creech is supervisory employee of **LA. DOTD**) did such act and/or that at that time such act was done, it was done with the full authorization or ratification of **LA. DOTD** or was done in the normal and routine course and scope of employment of the **LA. DOTD**'s managers, supervisors, agents, servants, employees or representatives.

## DAMAGES

33.	Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a.	Compensatory damages in a reasonable sum to be set by this Court;

b.	Punitive damages in a reasonable sum to be set by this Court;

c.	Reasonable attorney fees, together with costs and litigation expenses;

d.	For such other and further relief as this Court may deem just and proper under the circumstances;

e.	A permanent injunction prohibiting the defendant from discriminating against employees and to implement a policy prohibiting discrimination based on physical disability or the company's perception of its employees being disabled, and to implement training of all employees in the field of disability discrimination;

f.	Adjudge and declare that the acts, policies, practices and procedures of defendant complained of herein violated Plaintiff's civil rights secured by federal law;

g.	Permanently enjoin defendant from taking any action in retaliation against Plaintiff for having filed a complaint and/or this lawsuit;

h.	Order the defendant to make whole the Plaintiff by providing all relief requested in this Complaint and provided by law; and,

i.	Plaintiff be granted a trial by jury.

## EXEMPLARY DAMAGES

34.	**CROCKETT** would further show that the acts and omissions of Defendant, complained of herein, were committed with malice or reckless indifference to the federally protected rights of **CROCKETT**. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, **CROCKETT** also seeks recovery from Defendant for exemplary damages.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **PAUL D. CROCKETT**, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, including interest, together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; attorney fees and such other and further relief to which the Plaintiff may be entitled at law or in equity.

## DEMAND FOR JURY TRIAL

Plaintiff, **PAUL D. CROCKETT**, asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

Respectfully submitted,

**MIXON, CARROLL, FRAZIER & MCILWAIN, LLC**
P. O. Drawer 1619
Columbia, LA 71418
Phone (318) 649-9284
Fax (318) 649-0277
JCarroll@MixonCarroll.com

*/s/ James L. Carroll*
**JAMES L. CARROLL**, LSB# 28322