UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **PAUL D. CROCKETT** | **CASE NO. 3:22-CV-00047** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LA DEPT OF TRANSPORTATION & DEVELOPMENT** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION AND MEMORANDUM ORDER

Before the undersigned is a motion to dismiss for lack of subject matter jurisdiction, filed by the State of Louisiana (the "State"), through Defendant the Louisiana Department of Transportation and Development (the "DOTD"). [doc. #10]. The motion is unopposed. Also pending before the undersigned is a motion to amend, filed by Plaintiff Paul Crockett ("Crockett"). [doc. # 12]. The motion is opposed. [doc #14]. For the reasons assigned below, it is ordered that Crockett's motion to amend is denied. Additionally, it is recommended that the State's motion to dismiss be granted and Crockett's claims be dismissed without prejudice.

### I.     FACTUAL BACKGROUND

In 2019, Crockett began working at the DOTD as a material equipment operator. He alleges that, soon after, his supervisor "began harassing him verbally and created unsafe work areas for [him] to work in." [doc. #1-2, p. 3].

On December 18, 2020, Crockett was injured on the job. Because he was unable to work, Crockett was placed on workers' compensation leave. *Id.* at 4. On May 20, 2021, Crockett received a letter from the DOTD releasing him from employment, effective June 5, 2021, for the non-disciplinary reason of exhaustion of leave. *Id.* at 4-5.

On January 6, 2021, Crockett filed the instant suit against the DOTD, alleging violations of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621, et *seq.*, and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, *et seq.* [doc. #1].

On July 1, 2021, the State filed the instant motion to dismiss on the basis of Eleventh Amendment immunity. [doc. #10].

On the same day, the Court issued a notice of motion setting, which provided that Crockett had until July 22, 2022, to file his opposition brief. [doc. #11]. That deadline has since lapsed, and Crockett has not filed an opposition.

On August 10, 2022, Crockett filed the instant motion for leave to amend with opposition. [doc. #12].

On August 15, 2022, the State filed its opposition. [doc. #14].

Per the Court's notice of motion setting, Crockett had until August 22, 2022, to file a reply. [doc #13]. That deadline has since lapsed, and Crockett has not filed a reply.

Accordingly, both motions are ripe.

## II.   LEGAL STANDARD

A. *Motion to Dismiss*

A party's invocation of Eleventh Amendment immunity is analyzed as a challenge to the federal court's exercise of federal subject matter jurisdiction. *Mahogany v. La. State Sup. Ct.*, 262 Fed. App'x 636, 2008 WL 217764 (5th Cir. Jan. 25, 2008) (citations omitted); *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ("Sovereign immunity is indeed a jurisdictional bar."). If the Court determines that Eleventh Amendment immunity applies, it must dismiss the claims

without prejudice. *See Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice.").

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

"A court can find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Enable Miss. River Transmission, LLC v. Nadel & Gussman*, 844 F.3d 495, 497 (5th Cir. 2016) (internal citation and quotations omitted).

B. *Motion for Leave to Amend*

"Whether leave to amend should be granted is entrusted to the sound discretion of the district court . . ." *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998) (internal citation omitted). Yet, "[i]n the context of motions to amend pleadings, 'discretion' may be misleading, because Rule 15 'evinces a bias in favor of granting leave to amend.'"

3

*Martin's Herend Imports v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). A district court must have a "substantial reason" to deny a request for leave to amend. *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal citation omitted). Nonetheless, leave to amend is not "automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (internal citations omitted).

In deciding whether to grant a party leave to amend, the Court considers the following factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent any of these factors, leave should be granted. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing, *Foman*, 371 U.S. at 182).

### III. ANALYSIS

In his Complaint, Crockett requests compensatory and punitive damages; attorney's fees, costs, and litigation expenses; an injunction prohibiting the DOTD from discriminating against its employees; an injunction prohibiting the DOTD from retaliating against him; and a declaratory judgment that the DOTD violated his civil rights.

The State argues, in its motion to dismiss, that Crockett's claims, and the relief that he seeks, are barred by the Eleventh Amendment. The State argues that Congress has not abrogated Eleventh Amendment immunity for claims under the ADEA or Title I of the ADA, nor has the State waived this immunity. Finally, the State claims that the DOTD, as an arm of the State, is entitled to protection under sovereign immunity.

It is well settled that

> The Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against her own state or a state agency or department. Claims under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar.

*Darlak v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987) (internal citation omitted); *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). The Eleventh Amendment bars suits for both monetary damages and injunctive relief against a state entity. *Darlak*, 814 F.2d at 1060. It also precludes federal courts from hearing state law claims brought in federal court against state entities. *Raj*, 714 F.3d at 329 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984)); *Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir. 1997). While a federal statute can override the Eleventh Amendment bar with clear congressional intent, "Congress [has] not validly abrogate[d] the States' sovereign immunity from suit by private individuals for money damages under Title I [of the ADA] . . ." *Bd. of Trs. Of Univ. of Ala. v. Garrett*, 531 U.S. 356, 414 n.9 (2001). Nor has Congress abrogated Eleventh Amendment immunity for claims under the ADEA. *Sullivan v. Univ. of Tex. Health Sci. Ctr. at Hous. Dental Branch*, 217 Fed. App'x 391, 395, 2007 WL 519744 (5th Cir. Feb. 13, 2007).

There is, of course, a caveat to Eleventh Amendment protection. The *Ex parte Young* doctrine recognizes an exception to Eleventh Amendment immunity for claims of prospective injunctive or declaratory relief against a state official. 209 U.S. 123 (1908). Stated differently, "prospective injunctive or declaratory relief against a state is permitted . . . but retrospective relief in the form of a money judgment in compensation for past wrongs . . . is barred." *Nelson v. Univ. of Tex. at Dall.*, 535 F.3d 318, 322 (5th Cir. 2008) (internal citation omitted). The *Ex parte Young* exception is limited to a lawsuit that seeks prospective relief from a continuing or ongoing violation of federal law. *Reed v. Goertz*, 995 F.3d 425, 429 n.2 (5th Cir. 2021). "In determining

whether the *Ex parte Young* doctrine avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry' into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Com'n of Md.*, 535 U.S. 635, 636 (2002).

In this case, Crockett's claims are barred by the Eleventh Amendment. As an initial matter, "[t]he Fifth Circuit has recognized that DOTD, as an arm of the State, may exercise such immunity." *Anderson v. La Dep't. of Transp. & Dev.*, No. 17-CV-01597, 2018 WL 3901182, at *1 (W.D. La. Aug. 15, 2018) (citing *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002)). And while this immunity may be waived, Louisiana has refused to do so. *See* LA. R.S. § 13:5106(A) ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."); *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991).

Furthermore, it does not appear that the *Ex parte Young* exception applies in this case. The undersigned acknowledges that Crockett's Complaint requests (1) a declaratory judgment that the DOTD violated his civil rights; (2) an injunction prohibiting the DOTD from retaliating against him; and an injunction prohibiting the DOTD from discriminating against its employees. However, none of these requests are for ongoing violations. Crockett does not contend that the DOTD continues to violate his civil rights, retaliate against him, or discriminate against its employees. As such, Crockett's requests for injunctions and a declaratory judgment cannot be saved by the narrow exception to Eleventh Amendment immunity.

Finally, Plaintiff's proposed amended complaint does not salvage the Court's subject matter jurisdiction. Plaintiff seeks to add claims against the DOTD under the Louisiana Employment Discrimination Law (the "LEDL"), La. R.S. § 23:301, *et seq.* [doc. #12 ¶ 3].

However, Plaintiff's proposed claims would also be barred by the Eleventh Amendment. *See Montgomery-Smith v. La. Dept. of Health and Hosp.,* 299 F.Supp.3d 790, 808 (E.D. La. 2018) ("Plaintiff's claims based on [the LEDL] are barred by Eleventh Amendment sovereign immunity."). Accordingly, Plaintiff's motion for leave to amend is denied as futile.

## IV. CONCLUSION

According, **IT IS ORDERED** that Plaintiff's motion for leave to amend is **DENIED**.[1]

Furthermore, because this Court lacks subject matter jurisdiction over Crockett's claim against the DOTD, **IT IS RECOMMENDED** that Crockett's claims against the DOTD be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

---

[1] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 29th day of August, 2022.

KAYLA DYE MCCLUSKY<br>
UNITED STATES MAGISTRATE JUDGE